## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ERIC D. BLACKMON, | : | |
| Plaintiff, | : | |
| vs. | : | CA 15-00223-KD-C |
| HUNTINGTON INGALLS INCORPORATED, | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on the complaint (Doc. 1), the defendant's motion to dismiss or to transfer venue (Doc. 6), and its supporting memorandum (Doc. 7), and the plaintiff's response (Doc. 11). Upon consideration of the foregoing pleadings, it is recommended that the Court **DENY** the defendant's motion to dismiss and **GRANT** the defendant's motion to transfer venue.

## FINDINGS OF FACT

Plaintiff Eric D. Blackmon ("Blackmon") filed this *pro se* action in this Court on April 28, 2015, alleging "Disability Discrimination" under the Americans with Disabilities Act, 42 U.S.C. § 12117 ("ADA"). (Doc. 1 at 1.) Specifically,

Blackmon alleges that Defendant Huntington Ingalls Incorporated ("HII") did not accommodate his disability but instead put him on non-industrial leave without pay. (Doc. 1 at 3.) Blackmon attached to his complaint the right-to-sue letter issued by the Equal Employment Opportunity Commission on January 30, 2015. (*Id.* at 4-5.)

HII filed a motion to dismiss or to transfer this case to the proper venue on July 16, 2015. (Doc. 6.)  In it, HII asked "the Court to dismiss the plaintiff's Complaint or transfer the case to the Southern Division of the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1406(a) because the Court lacks personal jurisdiction and because venue is improper." (*Id.*)  HII attached to its memorandum in support of its motion the affidavit of Frank D. Martin, Vice President of Finance & Controller for the Ingalls Division of HII, in which Martin testified, in relevant part, as follows:

> 3. HII is a shipbuilding company that primarily constructs naval surface combatant vessels for the United States Navy. HII's shipbuilding activities take place in Pascagoula, Mississippi and Newport News, Virginia. HII conducts no shipbuilding activities in Alabama.
>
> 4. HII's principal place of business and its corporate headquarters are both located in Newport News, Virginia.
>
> . . .

> 7. The plaintiff is employed at HII's facility in Pascagoula, Mississippi. He has not performed any work on HII's behalf in Alabama. The records regarding his employment and his complaint of disability discrimination are maintained in Mississippi.

(Doc. 7, Exhibit 1, Affidavit of Frank D. Martin, at ¶¶ 3-4 & 7.)

Blackmon filed his response to HII's motion on August 10, 2015. (Doc. 11). Blackmon's memorandum asks the Court to deny HII's motion because he "filed [a] complaint of Disability Discrimination against Defendant Huntington Ingalls at the United States Equal Employment Opportunity Commission in the Mobile, Alabama Office on 63 S. Royal St. Suite 504 Mobile, Al 36602," and subsequently received a Notice of Suit Rights. (*Id*. at 1.) HII informed the Court that it would not file a reply in support of its motion.

Because venue is improper in the Southern District of Alabama, the action should be transferred under 28 U.S.C. § 1406(a),[1] and there is no need for this Court to determine whether it may exercise personal jurisdiction over HII.[2]

---

[1] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

[2] *Compare Leach v. Peacock,* No. 2:09cv738, 2011 WL 1130596, at *2 (M.D. Ala. Mar. 25, 2011) ("If venue is improper, the court need not reach the question of whether it has personal jurisdiction over [the plaintiffs'] claims. Even if the court has no personal jurisdiction, it may correct venue and jurisdictional defects through transfer of venue pursuant to 28 U.S.C. § 1406(a).") *with Berry v. Salter,* 179 F.Supp.2d 1345, 1350 (M.D. Ala. 2001) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendant or not." (quotation marks omitted)).

## CONCLUSIONS OF LAW

The ADA incorporates the venue provisions of Title VII of the Civil Rights Act of 1964.[3] The general venue provisions contained in 28 U.S.C. § 1391 are therefore not applicable to Blackmon's claims.[4] Under Title VII's venue provisions, an action may be brought "(1) in any district court in a state where the alleged Title VII violation occurred; (2) in the judicial district where the employment records that pertain to the alleged Title VII violation are maintained; (3) in the judicial district where plaintiff would have worked had there been no Title VII violation; and, if none of the previous three conditions exist, (4) in the

---

[3] The ADA's enforcement provision states that "[t]he powers, remedies, and procedures set forth in section[ ] ... 42 U.S.C. § 2000e–5 ... shall be the ... procedures this title provides to ... any person alleging discrimination on the basis of disability in violation of any provision of [the ADA], or regulations under section 106 [42 U.S.C. § 12116], concerning employment. 42 U.S.C. § 12117. This enforcement provision then incorporates 42 U.S.C. § 2000e–5(f)(3), the Title VII venue provision, which identifies the judicial districts in which an action may be filed. *See Stuart v. Fire-Dex, LLC,* No. H–13–675, 2013 WL 5852234, *2 (S.D. Tex. Oct. 30, 2013) ("The ADA contains an enforcement provision that incorporates by reference the venue provision for claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*").

[4] The appropriate venue for Blackmon's claims is "any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such action may be brought within the judicial district in which the respondent has [its] principal office." 42 U.S.C. § 2000e-5(f)(3). *See, e.g., Pinson v. Rumsfeld*, 192 Fed. Appx. 811, 817 (11th Cir. May 18, 2006) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and [] the more general provisions of § 1391 are not controlling in such cases."), *cert. denied,* 549 U.S. 1066, 127 S.Ct. 698, 166 L.Ed.2d 539 (2006).

judicial district where the defendant's principal office is located." *Pritchett v. Paschall Truck Lines, Inc.,* 714 F.Supp.2d 1171, 1173 (M.D. Ala. 2010). If venue is disputed, the plaintiff has the burden of establishing that "venue in the forum is proper." *Pinson, supra*, 192 Fed.Appx. at 817.

Blackmon has not established that venue in the Southern District of Alabama is proper. Blackmon is employed at HII's Pascagoula, Mississippi facility, which is where he claims he was subjected to disability discrimination. (Doc. 7, Ex. 1, Martin Affidavit at ¶7; Doc. 1 at 3). Blackmon has not performed any work on HII's behalf in Alabama, much less in this district. (Doc. 7, Ex. 1, Martin Aff'd. at ¶7.) And the employment records relevant to the employment practices he challenges are maintained and administered in Mississippi. (*Id*. at ¶7.) Blackmon has offered no evidence suggesting that the relevant records are maintained in this district. *Cf. Pinson, supra,* 192 Fed.Appx. at 817 ("Pinson did not introduce any evidence demonstrating, and, thus, did not meet his burden to establish, that the Northern District of Georgia was the location where his personnel records were maintained by an official custodian[.]"). Finally, HII's principal office is not in this district; it is in Newport News, Virginia. (Doc. 7, Ex. 1, Martin Aff'd. at ¶7.)

Venue is therefore improper in this district. The fact that Blackmon chose to file his EEOC Charge with the agency's office in this district does not make venue in this district proper. When venue is improper, section 1406(a) directs the court to

"dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id*. This language is "sufficiently broad 'to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue[,]'" and, generally, "the court should transfer if dismissal would result in a statute of limitations barring the plaintiff from refiling [his] claim." *Pritchett, supra,* 714 F.Supp.2d at 1175 (quoting *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466 & 467 (1962)). If Blackmon's claims were dismissed, they would be time-barred.[5] The Court should therefore transfer this case instead of dismissing it. Accordingly, it is recommended that this case be transferred to the United States District Court for the Southern District of Mississippi, Southern Division, under 28 U.S.C. § 1406(a).[6]

## CONCLUSION

---

[5] In this case, the right-to-sue letter was mailed to Blackmon on January 30, 2015 (*see* Doc. 1), and he had 90 days from receipt of that letter to file a lawsuit against HII. *See* 42 U.S.C. § 2000e-5(f)(1). Blackmon filed his complaint on April 28, 2015 (Doc. 1), within 90 days of his receipt of his right-to-sue letter. But if the Court were to dismiss this action on the basis of improper venue under section 1406(a), Blackmon would be time-barred from filing a Title VII employment discrimination case in the proper venue because of the 90-day requirement. *Compare Pritchett, supra,* 714 F.Supp.2d at 1175 ("The Court concludes that transfer is more appropriate than dismissal in this case. Plaintiff received a right-to-sue letter dated August 12, 2009, which required her to file suit within 90 days of receipt of the notice. If the Court were to dismiss Plaintiff's case for improper venue, she would be time-barred from filing her claims in another, proper venue.") *with Clemmons v. Animal Care & Control of NYC,* 2012 WL 5987862, *3 (N.D. Ga. Oct. 22, 2012) ("[I]f the court dismisses Plaintiff's complaint instead of transferring the case to the Southern District of New York, the statute of limitations found in Title VII . . . will bar Plaintiff's causes of action. The EEOC mailed to Plaintiff the right to sue letter on January 24, 2012. Plaintiff had ninety-days from receipt of that letter to file her Title VII . . . complaint, that is, on or about April 27, 2012."), *report and recommendation adopted*, 2012 WL 5987589 (N.D. Ga. Nov. 28, 2012).

[6] *See* 28 U.S.C. § 104(b)(2) ("The southern district [of Mississippi] comprises four divisions. The Southern Division comprises the counties of George, Greene, Hancock, Harrison, Jackson, Pearl River, and Stone. Court for the Southern Division shall be held at Gulfport.").

Based on the foregoing, the Magistrate Judge recommends that the Court **DENY** HII's motion to dismiss and **GRANT** HII's motion to transfer venue. Venue is improper in this Court, and this cause should be transferred to the United States District Court for the Southern District of Mississippi, Southern Division.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. General L.R. 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in

the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 24th day of August 2015.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**